UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HERBERT PENROSE,

    Plaintiff,

vs.

FIRST MAGNUS FINANCIAL CORPORATION et al.,

    Defendants.

3:18-cv-00276-RCJ-VPC

ORDER

This is an action to prevent the nonjudicial foreclosure of residential property. Now pending before the Court are Plaintiff's motions for temporary restraining order and preliminary injunction (ECF Nos. 3, 4), and Defendants' motion to dismiss, (ECF No. 8). For the reasons given herein, the Court denies Plaintiff's motions and grants the motion to dismiss.

I.    FACTS AND PROCEDURAL BACKGROUND

In May 2005, non-party Randall G. Sotke purchased the subject property, located at 3285 Lymbery Street in Reno, Nevada ("the Property"), taking a $180,000 loan secured by a deed of trust ("the DOT"). First Magnus Financial Corporation was the lender, First Centennial Title was the trustee, and MERS was the beneficiary. (Deed, ECF No. 8-1.) In July 2007, Sotke sold the property to Plaintiff Herbert Penrose. (Sale Deed, ECF No. 8-4; *see also* Mot. Dismiss 3, ECF No. 8.) The sale was subject to a separate agreement, recorded the same day. (*See* Affirmation Agreement, ECF No. 8-5.) Under that agreement, Penrose accepted the obligation to perform all

the terms of Sotke's original promissory note and DOT. The agreement provided that Sotke would remain liable on the note and DOT, and also provided for liquidated damages to be paid to Sotke in the event that Penrose's failure to make the monthly mortgage payments resulted in a notice of default being recorded against the Property. This provision was triggered on October 27, 2008, when the first of several notices of default was recorded.

On October 3, 2011, Penrose filed a lawsuit in Nevada state court against First Magnus, MERS, and several other defendants, asserting allegations of predatory lending and fraud. *Penrose v. First Magnus Fin. Corp.*, No. CV11-02907 (Nev. 2nd Jud. Dist. Ct.).[1] The case was dismissed for lack of standing because Penrose was not a party to the original loan transaction. (*See* Dismissal Order 3, ECF No. 8-22.) The state court's order also observed that "no payment has been made towards [Sotke's] debt since 2008." (*Id.*)

On March 27, 2015, Penrose filed a quiet title action in state court against Nationstar Mortgage, LLC, and five other defendants not named here. *Penrose v. Quality Loan Serv. Corp.*, No. CV15-00566 (Nev. 2nd Jud. Dist. Ct.). This case was also dismissed, with the court stating:

> Penrose is hereby precluded from filing any new legal action related to the Subject Property without approval of this Court. The Clerk of Court is hereby directed to forward any new legal pleadings related to 3285 Lymberry [sic] Street, Reno, Nevada, to this Court prior to being accepted for filing.

(Dismissal Order 2, ECF No. 8-25.) Penrose appealed the dismissal to the Nevada Supreme Court, which affirmed. *Penrose v. Quality Loan Serv. Corp.*, No. 68946, 2016 WL 1567517, at *1 (Nev. Apr. 15, 2016). In its order, the Supreme Court addressed two primary arguments. First, the Court found there was "no set of facts that [Penrose] could have established under which Nationstar Mortgage would have been time-barred from foreclosing on the subject property."

---

[1] Prior to 2011, Penrose filed four bankruptcy petitions and one other civil action related to the Property. These filings need not be addressed here. (*See* Mot. Dismiss 4, ECF No. 8.)

Second, the Court rejected Penrose's lack-of-standing argument based on a "broken" chain of title. In reality, there was no break in the chain; at most, there was a superfluous assignment which did not threaten Nationstar's interest. However, the Supreme Court did vacate that portion of the dismissal order which imposed a filing restriction, because the lower court had not made "substantive findings as to the frivolous or harassing nature of the litigant's actions." *Id.* (quoting *Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 110 P.3d 30, 43–44 (Nev. 2005)).

On May 21, 2018, a notice of trustee's sale was recorded, indicating the Property would be sold at auction at 11:00 AM on June 14, 2018. Penrose filed the instant action on June 12, alleging ten causes of action: (1) lack of standing to foreclose; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional infliction of emotional distress; (5) quiet title; (6) slander of title; (7) declaratory relief; (8) violations of the Truth in Lending Act ("TILA"); (9) violations of the Real Estate Settlement Procedures Act ("RESPA"); and (10) rescission. On June 13, Penrose filed motions for temporary restraining order and preliminary injunction. On the morning of June 14, he recorded a notice of lis pendens in the chain of title. The Court promptly reviewed Penrose's Complaint and motions, and concluded there was no basis to grant the request for temporary restraining order. *See infra* pp. 5–7. Accordingly, the Court opted to permit Defendants to respond to the motion for preliminary injunction and calendar a date for oral argument. On June 27, 2018, Defendants filed their response. On July 3, 2018, Defendants filed their motion to dismiss. On July 24, 2018, the Court heard oral arguments.

## II. LEGAL STANDARDS

### a. Motion for Preliminary Injunction

Temporary restraining orders and preliminary injunctions are governed by the same standard. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001) ("The standard for issuing a preliminary injunction is the same as

the standard for issuing a temporary restraining order."). To obtain the "extraordinary remedy" of preliminary injunctive relief, a movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)).

### b. Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just

"possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Also, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

### III. ANALYSIS

The Court cannot grant the relief Penrose seeks, and must dismiss this action, because the Complaint fails to state a viable claim against Defendants. The Complaint appears to have been adapted from a preexisting template, and epitomizes the "formulaic recitations" criticized by the Supreme Court in *Iqbal*. Penrose has alleged no actual facts to plausibly support any of his claims. In fact, the only particular factual allegations relevant to his claims are untrue. Having lost in state court because he was not a party to the original loan transaction, Penrose alleges here that: "On or about May 26, 2005, Plaintiff entered into a consumer credit transaction with First Magnus by obtaining a $180,000.00 mortgage loan secured by Plaintiff's principal residence." (Compl. ¶ 29, ECF No. 1.). This allegation is definitively refuted by the recorded documents in the chain of title. It was Sotke who obtained the loan and bought the property in May 2005.

Penrose did not acquire the property until July 2007, and never borrowed money from First Magnus. Therefore, the case must be dismissed for Penrose's failure to plausibly allege any set of facts amounting to an actionable claim.

Furthermore, setting aside the lack of factual allegations, the legal theories broadly raised in the Complaint are clearly not available to Penrose. First, as the state court has already held, Penrose was not a party to the original loan transaction, and thus lacks standing to bring any claim arising from the loan's origination. Penrose is also precluded from asserting any such claim as a result of the state court's prior ruling. Accordingly, Penrose's claims must be dismissed to the extent they rely on Penrose's participation in the original loan transaction.

Second, Penrose's loan securitization arguments—unquestionably the focal point of his Complaint—fail as a matter of law. Penrose asserts that Defendants' interests in the Property are undermined by an alleged splitting of the promissory note and DOT and by deficiencies in the loan securitization process. However, the Nevada Supreme Court has plainly stated that "[s]eparation of the note and security deed creates a question of what entity would have authority to foreclose, *but does not render either instrument void.*" Edelstein v. Bank of New York Mellon, 286 P.3d 249, 259 (Nev. 2012) (internal quotation omitted) (emphasis added). Moreover, "such separation is not irreparable or fatal to either the promissory note or the deed of trust," and a party may cure the split by reunifying the instruments, and in so doing regain its authority to foreclose. *Id.* at 260. In addition, it is well established in Nevada that a borrower lacks standing to challenge the transfer of his loan pursuant to a pooling and service agreement ("PSA"), even where a loan assignment is made in violation of the governing securitization agreements. *See, e.g., Reyes v. GMAC Mortg. LLC*, No. 2:11–CV–100, 2011 WL 1322775, at *2 (D. Nev. Apr. 5, 2011) (Mahan, J.) ("[T]he securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust."); *Viloria v. Premium Capital Funding LLC,*

No. 2:12-CV-00406, 2012 WL 4361252, at *3 (D. Nev. Sept. 20, 2012) (Dawson, J.); *Shaw v. CitiMortgage, Inc.*, No. 3:13-CV-0445, 2015 WL 476161, at *2 (D. Nev. Feb. 5, 2015) (Hicks, J.). In *Wood v. Germann*, 331 P.3d 859 (Nev. 2014), the Nevada Supreme Court held that "a PSA is a contract between the originating lender and the subsequent purchaser/trustee and that, under traditional principles of contract law, a contracting party is capable of ratifying conduct that is done in violation of the contract." *Id.* at 861. Therefore, "the homeowner, who is neither a party to the PSA nor an intended third-party beneficiary, lacks standing to challenge the validity of the loan assignment." *Id.* Therefore, Penrose's securitization claims must also be dismissed.

As drafted, all of the Complaint's claims are premised on Penrose's alleged participation in the original loan transaction, or deficiencies in the loan securitization process, or both. As a matter of law, Penrose lacks standing to assert claims based on these legal theories. For that reason, the Court will dismiss the action without leave to amend. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (stating that courts can decline leave to amend based on, *inter alia*, "futility of amendment").

## CONCLUSION

IT IS HEREBY ORDERED that the motions for temporary restraining order and preliminary injunction (ECF Nos. 3, 4) are DENIED.

IT IS FURTHER ORDERED that the motion to dismiss (ECF No. 8) is GRANTED. The Clerk of Court shall close the case.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge

July 24, 2018.